# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian S. Cooper,<br><br>    Plaintiff,<br><br>v.<br><br>Uber Technologies Incorporated,<br><br>    Defendant. | No. CV-21-1314-PHX-DMF<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

  Plaintiff Brian S. Cooper filed a *pro se* Complaint on July 28, 2021 (Doc. 1). Plaintiff is not incarcerated (Doc. 2). Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (*Id.*), which is a request for leave to proceed in this matter *in forma pauperis*. In September 2021, Plaintiff consented to proceed before a United States Magistrate Judge (Doc. 14). Thereafter, the Court granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and ordered that service of the Complaint may not proceed until further Court order screening the Complaint and, if appropriate, authorizing service (Doc. 15).

  Before appearances and consent of defendants, there is not full consent for undersigned to enter dispositive orders. See *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Thus, undersigned proceeds by report and recommendation.

**I.      SCREENING/REVIEW PURSUANT TO 28 U.S.C. § 1915**

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed *in forma pauperis*, courts must engage in screening and dismiss any claims which:  (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solemn*, 98 F.3d 494, 495 (9th Cir. 1996).  *See also Lopez v. Smith*, 203 F.3d 1122, 1126 fn. 7 (9th Cir. 2000) (28 U.S.C. § 1915(e) "applies all in forma pauperis complaints," not merely those filed by prisoners).  Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true.  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face."  *Id.* (*citing Twombly*, 550 U.S. at 570).

Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8, Federal Rules of Civil Procedure.  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).  A complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery.  *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, fn. 1 (9th Cir. 1997).

To survive dismissal, a complaint must give each defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). In the absence of fair notice, a defendant "should not be required to expend legal resources to guess which claims are asserted against her or to defend all claims 'just in case.'" *Gregory v. Ariz. Div. of Child Support Enforcement*, No. CV11-0372-PHX-DGC, 2011 WL 3203097, at *1 (D. Ariz. July 27, 2011).

Where the complaint has been filed by a *pro se* plaintiff, as is the case here, courts must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Under the pleading standard set by the Supreme Court's decision in *Iqbal*, however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, "[a] district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (*quoting Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)); *see also Lopez*, 203 F.3d at 1127-29.

When the court dismisses the complaint of a *pro se* litigant with leave to amend, the "court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (*quoting Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the *pro se* litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (*quoting Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). The court should not, however, advise the litigant how to cure the defects; this type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004).

## II. JURISDICTION

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

This Court is a limited jurisdiction court; this court has no jurisdiction beyond that conferred upon it by federal statute. *Brandt v. Bay City Super Mkt.*, 182 F.Supp. 937, 939 (N.D. Cal. 1960). Unlike state courts, federal courts only have jurisdiction over a limited number of cases, such as cases involving a question of federal law (federal question jurisdiction) or a significant controversy between citizens of different states (diversity jurisdiction). *See* 28 U.S.C. §§ 1331, 1332. Fed. R. Civ. P. 8(a)(1) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction." Further, the party asserting jurisdiction bears the burden of establishing jurisdiction. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, the Court is obligated to evaluate its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

For federal question jurisdiction, 28 U.S.C. § 1331 provides that district courts have jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." The federal question jurisdiction statute, 28 U.S.C. § 1331, is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807-12 (1986); *see also Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1283 (9th Cir. 1987). For example, a complaint that alleges only a federal constitutional violation, for example, is insufficient. The Court's "limited jurisdiction cannot be invoked so simplistically." *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992); *see also Lippitt v. Raymond James Fin. Servs.*, 340 F.3d

1033, 1040 (9th Cir. 2003) (*quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986)) (it is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). "[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Merrell Dow Pharm. v. Thompson*, 478 U.S. at 817 (*quoting* 28 U.S.C. § 1331).

### III.   COMPLAINT DEFICIENCIES

The Complaint against sole defendant Uber Technologies Inc. consists of a court form entitled "Complaint and Request for Injunction" (Doc. 1 at 1-7) followed by a typed attachment entitled "Complaint for violation of civil rights" (*Id.* at 7-22). The Complaint is not verified (*Id.* at 1-22). The Complaint alleges federal question jurisdiction and lists as purported bases: 18 U.S.C. §1030; 18 U.S.C. § 1503; 18 U.S.C. § 1519; 42 U.S.C. § 1985; "14th amendment violation"; "5th amendment violation"; H.R. 4173 Dodd/Frank Act; "H.R. 2515 Whistleblower Protection Act" (*Id.* at 3, Section II(A)).

The Complaint lists various legal theories:

> Uber Technologies Inc., counsel, and associates at the time of this claim are violating and have been violating [Plaintiff's] Right to Due Process, Privacy Laws, Anti-hacking laws, civil rights, Hippa Laws, tampering with evidence, obstruction of Justice, Whistleblower protection Act, and did conspire, as to plan against [Plaintiff]. Uber Technologies Inc. not only violated above said offenses, but as a business who was conducting business illegally for 5 years also violated the EFTA through violating one-time debits and labeling one-time debits as recurring charges. This is a habitual offender of Impeding Justice.

(*Id.* at 4, Section III(A)).

Without a clear connection articulated between the assertions, the Complaint references technology devices and accounts in a general way and states that "[t]wice in the last 30 days" Plaintiff "had blown tires" (*Id.* at 4, Section III(B)). The Complaint also

- 5 -

asserts that Plaintiff called Maricopa County's internet technicians and complained of hacking (*Id.*). As facts underlying his claim, Plaintiff wrote:

> Uber Technologies Inc was not foreign qualified to transact business in the State of Arizona until 2020. Uber did take money from [Plaintiff's] account 3x without permission. [Plaintiff] found through the AZCC that Uber was not qualified to do business in Arizona per then director Patrick Barfield. Uber then finds [Plaintiff] had reserved the name Uber Technologies Inc through the AZDCC before Uber hit and killed Mrs. Herzberg in Tempe and settled under Uber Technologies Inc. After learning of this Uber and counsel filed an Injunction against [Plaintiff]. Counsel walked into court and claimed Uber was actually contracting business as Uber USA LLC and Not Uber Technologies Inc. [Plaintiff] was denied any type of hearing to prove his case including evidentiary. Uber USA LLC was in compliance to conduct business in 2019 while UTI was in 2020.

(*Id.* at 5, Section III(C)). The Complaint alleges irreparable injury because Plaintiff's "private information including social security number, private video and pictures, and access to [Plaintiff's] life have been accessed and downloaded somewhere" (*Id.* at 5, Section IV). Plaintiff alleges that "Uber could never honestly give [Plaintiff] back his privacy, security, and trust of the justice system" (*Id.*). Plaintiff also requests thirty million dollars, stating that "we were also a part of the fake account scandal sponsored by Wells Fargo" and "[w]e also know Uber has had the help of Wells Fargo" (*Id.* at 5, Section V). The typewritten attachment entitled "Complaint for violation of civil rights" also refers to Wells Fargo (*Id.* at 10).[1]

The typewritten attachment entitled "Complaint for violation of civil rights" (*Id.* at 7-22) contains over 42 numbered paragraphs, with some of the numbers repeated and with many long paragraphs containing numerous assertions (*see, e.g., Id.* at 7-9, 21-22). The typewritten attachment begins with a conclusory allegation that Uber Technologies Inc. "acted under the color of state law as officers of a local government entity" (*Id.* at 7). Yet, there are not facts plead supporting this assertion (*Id.* at 7-22). Further, there is no clear organization to the assertions (*Id.*), assertions are not grouped under a particular cause of action (*Id.*), discussion of caselaw is intermixed (*Id.* at 8, 17), and the Complaint references

---

[1] Wells Fargo is not named as a defendant.

1  previous arbitration as well as previous state court proceedings (*see, e.g., Id.* at 10-12, 17-
2  19).
3       The Court finds that the Complaint (Doc. 1) fails to set forth a "short and plain
4  statement of the claim" for purposes of Rule 8, Federal Rules of Civil Procedure.  Further,
5  the Complaint lacks a cognizable legal theory and lacks sufficient facts alleged under a
6  cognizable legal theory.  The Complaint's allegations are insufficient to put any defendants
7  on notice of the nature of Plaintiff's claims.  The Complaint fails to state a claim for which
8  relief can be granted, and the Complaint fails to establish this Court's jurisdiction.
9       There is no general cause of action for violations of a constitutional right.  *Deutsche*
10 *Bank Nat. Trust Co. v. F.D.I.C.*, 784 F.Supp.2d 1142, 1169-70 (C.D. Cal. 2011).  42 U.S.C.
11 § 1983 authorizes suits against officials who, while acting under color of state law, violate
12 an individual's federal constitutional rights.  Private parties generally do not act under color
13 of state law.  *Fonseca v. Kaiser Permanente Med. Cntr. Roseville*, 222 F.Supp.3d 850, 861
14 (E.D. Cal. 2016), citing *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  Uber
15 Technologies Inc. appears to be a private party.
16      Further, the mere allegation of conspiracy to violate civil rights without factual
17 specificity is insufficient to state a claim.  To plead a claim for conspiracy to violate civil
18 rights under Section 1983, a plaintiff must allege "an agreement or meeting of the minds
19 to violate constitutional rights."  *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001)
20 (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th
21 Cir. 1989)).  A plaintiff must also allege an actual deprivation of constitutional rights.  *Hart*
22 *v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County,*
23 *Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "To be liable, each participant in the
24 conspiracy need not know the exact details of the plan, but each participant must at least
25 share the common objective of the conspiracy."  *Franklin*, 312 F.3d at 441.  Conclusory
26 allegations of conspiracy are not sufficient to support a claim under Section 1983.  *See*
27 *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Burns v. County of King*,
28 883 F.2d 819, 821 (9th Cir. 1989) (plaintiff must allege specific facts to support claim of

conspiracy to violate constitutional rights); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) ("[t]o state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy.") (internal citations omitted).  Here, at no point does the Complaint allege sufficient specific facts to support the existence of a conspiracy entered into by Uber Technologies Inc., nor are there specific facts that could support a violation of civil rights.

In addition, Plaintiff does not cite a particular section providing a private right of action of any of the other laws referenced in the federal question jurisdiction section.  Nor could Plaintiff.  Under the facts plead, Plaintiff is not a whistleblower under 15 U.S.C.A. § 78u-6 (which the Complaint references as "H.R. 2515 Whistleblower Protection Act") and Plaintiff does not have a private cause of action under the Dodd-Frank Act (to which Plaintiff generally refers) for the types of alleged wrongs that form the basis of Plaintiff's claims here.  None of the other laws referenced by Plaintiff (the 18 United States Code sections, which are federal criminal statutes) expressly provide a private right of action in federal court.  Indeed, "[c]riminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."  *Clinton v. Jones*, 520 U.S. 681, 718 (1997).  Accordingly, Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).

Further, federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts.  *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions").  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (jurisdiction possessed by the District Courts is strictly original; entertaining a proceeding to reverse or modify state court judgment would be an exercise of appellate jurisdiction).

For all the above reasons, the Complaint should be dismissed.

### IV. CONCLUSION

As discussed above, if the court dismisses an *in forma pauperis* complaint, ordinarily it must afford the plaintiff the opportunity to amend the complaint to fix the legal deficiencies. *Lopez*, 203F.3d at 1127-29. However, this case is one of the exceptions where "the pleading could not possibly be cured by the allegation of other facts." *Id.* Nothing in the record indicates that Plaintiff will be able to plead facts sufficient to sustain a cause of action viable in federal court were this Court to grant Plaintiff leave to amend the Complaint. Therefore, the Complaint should be dismissed without leave to amend, and therefore, all pending motions be denied.[2]

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Complaint (Doc. 1) be dismissed without prejudice and without leave to amend, and therefore, all pending motions be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual

. . .

. . .

. . .

---

[2] In late August 2021, Plaintiff filed a Request for an Emergency Injunction (Doc. 8), which fails to meet the requirements of Federal Rule of Civil Procedure 65.

1  determination of the Magistrate Judge may be considered a waiver of a party's right to
2  appellate review of the findings of fact in an order or judgment entered pursuant to the
3  Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.
4       Dated this 1st day of October, 2021.

*[signature]*
Honorable Deborah M. Fine
United States Magistrate Judge